ALLIED CONCORD FINANCIAL CORPORATION v. FRED H. LANE, TRADING AND DOING BUSINESS AS LANE'S

No. 703SC396

(Filed 26 August 1970)

Landlord and Tenant § 5— action for breach of lease of business equipment — directed verdict

> In this action for breach of an agreement for the lease of a charge posting cash register which provided that in the event of a breach of said agreement by the lessee, the lessor would be entitled to recover in full for the unpaid rent that accrued prior to the date of repossession of the equipment and, as liquidated damages, all unpaid rentals reserved under the lease less the unexpired rental value of the equipment, the actual date plaintiff lessor repossessed the leased equipment would be critical in determining defendant lessee's liability, if any, to plaintiff for alleged breach of the agreement, and the trial court erred in allowing defendant's motion for a directed verdict where the only evidence as to the time of repossession was that plaintiff repossessed the property in the fall of 1967. Rule of Civil Procedure No. 50(a).

APPEAL from Parker, J., 23 February 1970 Civil Session of PITT County Superior Court.

This was a civil action instituted by the plaintiff, Allied Concord Financial Corporation (Allied), to recover from the defendant, Fred H. Lane, trading as Lane's (Lane), rental due under a lease agreement to the date of repossession and the aggregate amount of remaining rental due less the amount received from sale of the equipment at public auction. The evidence presented at the trial tended to establish the following facts: On 9 March 1967 an agreement was executed between Allied and Lane under which Lane was to lease a NCR charge posting cash register from Allied. Lane was to make an advance payment of $78.19 and 59 subsequent payments of $78.19 each.

Financial Corp. v. Lane

The lease agreement also provided for liquidated damages in the event of a breach of the agreement by Lane as follows:

"14.    Default: This Lease shall be breached if: (a) lessee shall default in the payment of any rent hereunder and such default shall continue for ten days; . . . . In the event of a breach of this Lease: (1) All sums to become due hereunder shall, at Lessor's option, become due and payable forthwith. (2) The equipment shall upon lessor's demand forthwith be assembled and delivered to lessor at lessee's expense at such place as lessor shall designate and lessor and/or its agents may, without notice or liability or legal process, enter into any premises . . . of lessee . . . where the equipment may be . . . and repossess all or any part of the equipment. . . . Lessee hereby expressly waives all further rights to possession of the equipment and all claims for injuries suffered through or caused by such repossession. If lessor takes possession, Lessor shall give Lessee credit against Lessee's liability for Lease rentals for an amount equal to the difference between the aggregate rent reserved hereunder for the unexpired term of this Lease after such taking of possession (hereinafter called 'Unexpired Rentals') and the then aggregate rental value of all equipment for the unexpired original term of this Lease (hereinafter called 'unexpired Rental Value of Equipment') ; provided, however, that any statute providing a lesser amount of damages shall control, if applicable and not subject to agreement of the parties. The foregoing provisions shall be without prejudice to any greater rights given to Lessor by any such statute. Lessor, upon any breach of this Lease, may sell the equipment or may re-lease such equipment for a term and a rental which may be equal to, greater than or less than the rental and term herein provided, and any proceeds of such sale received within sixty days after Lessor receives possession of the equipment or any rental payments received under a new lease made within such sixty days for the period prior to the expiration of this Lease, less Lessor's expenses of taking possession, storage, reconditioning and sale or re-leasing, shall be deemed and considered for the purposes of this paragraph as being the Unexpired Rental Value of Equipment. If the Unexpired Rental Value of Equipment exceeds the Unexpired Rentals, Lessor shall be entitled to the excess. The provisions hereof entitling Lessor to collect all unpaid rentals

reserved under this Lease less the Unexpired Rental Value of Equipment is agreed on as a liquidated damage provision and not as a penalty. The provisions of this paragraph shall be without prejudice to Lessor's right to recover in full for unpaid rent that accrued prior to the taking of possession of the equipment. . . ."

In Paragraph 8 of its complaint, the plaintiff alleged:

"8. On 30 October 1967 the plaintiff, pursuant to the provisions of paragraph 14 of the lease agreement, took possession of the leased equipment; further pursuant to the provisions of said paragraph 14, the plaintiff did offer said equipment for sale at public auction at its offices in Raleigh, North Carolina, on 12 December 1967, at which sale the said equipment was purchased by NCR Co. at a price of $824.34."

The defendant answered Paragraph 8 of the plaintiff's complaint as follows:

"As to the allegations to paragraph VIII, it is admitted that the plaintiff took possession of the leased equipment, but as to the other allegations of said paragraph, the defendant has no knowledge sufficient to form a belief thereon and therefore denies the same."

All of the evidence tended to show that the leased equipment was repossessed or reclaimed by the plaintiff "in the fall of 1967."

At the close of plaintiff's evidence the court allowed the defendant's motion for a directed verdict and entered judgment in pertinent part as follows:

". . . at the conclusion of the evidence for the plaintiff, the defendant moved for a directed verdict on ground that the plaintiff had failed to prove any damages beyond those for the rental reserved in the lease for the machine described in the pleadings during the period of time that the defendant had the machine, to wit, $469.14, and that the plaintiff was not entitled to damages beyond the date it accepted surrender of this machine, in the absence of proof of damages after such surrender, and the Court being of the opinion that said motion should be allowed and judgment should be issued thereon;

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED,

that the plaintiff recover of the defendant the sum of $469.14 together with interest from October 30, 1967, and the costs be taxed against the defendant, and that this judgment be with prejudice to both parties."

From the entry of the judgment, the plaintiff appealed to the North Carolina Court of Appeals.

*Harris, Poe, Cheshire and Leager, by Samuel R. Leager, for plaintiff appellant.*

*Nelson W. Taylor for defendant appellee.*

HEDRICK, J.

The question presented on this appeal is whether the court committed reversible error in allowing the defendant's motion for a directed verdict. G.S. 1A-1, Rule 50(a), Rules of Civil Procedure, provides:

> "(a) *When made; effect.*—A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order granting a motion for a directed verdict shall be effective without any assent of the jury."

The lease agreement entered into between the plaintiff and the defendant provided in substance that in the event of a breach of the said agreement by the lessee, the lessor would be entitled to recover in full for unpaid rent that accrued prior to the date of the repossession of the equipment, and, in addition thereto, as liquidated damages, all unpaid rentals reserved under the lease less the unexpired rental value of the equipment. Thus, we find that the actual date that the plaintiff repossessed the leased property would be critical in determining the defendant's liability, if any, to the plaintiff for the alleged breach of the agreement. The only evidence regarding the time that the plaintiff actually repossessed the property was to the effect that the property was reclaimed or repossessed in the fall of 1967.

We hold, therefore, that under the evidence and under Rule 50(a), Rules of Civil Procedure, the court was without authority to allow the defendant's motion for a directed verdict.

The judgment appealed from is reversed, and a new trial is ordered.

New trial.

MALLARD, C.J., and PARKER, J., concur.